UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONWIDE AGRIBUSINESS INSURANCE COMPANY; and D'ARRIGO BROS. CO. OF CALIFORNIA,<br><br>Plaintiffs,<br><br>v.<br><br>YUMA COUNTY WATER USERS ASSOCIATION; and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No.: 21-CV-78 JLS (AGS)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION**<br><br>(ECF No. 8) |

Presently before the Court is Defendant Yuma County Water Users Association's ("Defendant") Motion to Dismiss Plaintiffs' First Amended Complaint ("Mot.," ECF No. 8), as well as Plaintiffs Nationwide Agribusiness Insurance Company ("Nationwide") and D'Arrigo Bros. Co. of California's ("D'Arrigo Bros.") (collectively, "Plaintiffs") Opposition thereto ("Opp'n," ECF No. 12) and Defendant's Reply in support thereof ("Reply," ECF No. 13). The Court took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 14. Having carefully reviewed Plaintiffs' First Amended Complaint ("FAC," ECF No. 6), the Parties' arguments, and the law, the Court **GRANTS** the Motion.

# BACKGROUND

D'Arrigo Bros. is a grower and packer of vegetables, incorporated and with its principal place of business in California. FAC ¶ 3; ECF No. 1 ("Removal"). Nationwide, incorporated and with its principal place of business in Iowa, issued an insurance policy to D'Arrigo Bros. FAC ¶ 2; Removal ¶ 6. Defendant is an Arizona corporation with its principal place of business in Arizona. Removal ¶ 8. However, Defendant gets its water from California and owns and operates physical assets within the state. FAC ¶ 6. Defendant's canal system provides irrigation to agricultural users in Yuma County, Arizona. *See* Mot at 1; ECF No. 7 ("Davis Decl.").

On or about September 24, 2017, Defendant allegedly sprayed herbicide in its irrigation canal near D'Arrigo Bros.' property in Yuma County, Arizona. *See* ECF No. 7 ("Request for Judicial Notice").[1] The herbicide allegedly stunted D'Arrigo Bros.' cauliflower, causing the crop to not grow properly. FAC ¶ 12. Specifically, according to Plaintiffs, the contamination from the herbicide killed 36.7 acres of cauliflower on D'Arrigo Bros' property. *Id.* ¶ 17. This allegedly drove D'Arrigo Bros. to purchase replacement cauliflower to deliver to its customers in order to meet its contractual obligations. *Id.* ¶ 18.

As a result of the damage to the cauliflower, Nationwide paid D'Arrigo Bros. for the damage it sustained. *Id.* ¶ 20. D'Arrigo Bros. thereafter subrogated to Nationwide all rights, claims, and interests it may have against the party responsible for causing the reimbursed damages resulting from the death of the cauliflower. *Id.* ¶ 21. All told, Plaintiffs allege damages of at least $573,000. *Id.* ¶ 22.

Plaintiffs initially filed an action in Yuma County, Arizona, based on the same allegations in the complaint. *See* Request for Judicial Notice Ex. D, ECF No. 7-1. After Plaintiffs voluntarily dismissed that action, *see* Opp'n at 15, they filed the present action

---

[1] In their Complaint, Plaintiffs do not state where D'Arrigo Bros.' property is located. *See generally* FAC. The Court takes judicial notice that the property at issue is located in Arizona. *See* Request for Judicial Notice Ex. A ¶ 12, ECF No. 7-1.

in the Superior Court of California for the County of Imperial on December 14, 2020. Removal ¶ 1. On January 13, 2021, Defendant removed the present action to this Court on the basis of diversity of citizenship. *See generally id.* Plaintiffs assert four causes of action against Defendant: (1) negligence; (2) negligence per se; (3) strict liability for ultra-hazardous activity; and (4) takings. *See generally* FAC. On February 10, 2021, Defendant filed the instant Motion. *See* Mot.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) allows a district court to dismiss an action for lack of personal jurisdiction. "Where defendants move to dismiss a complaint for lack of personal jurisdiction, plaintiffs bear the burden of demonstrating that jurisdiction is appropriate." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002). "The court may consider evidence presented in affidavits to assist in its determination and may order discovery on the jurisdictional issues." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (citing *Data Disc. Inc. v. Sys. Tech. Ass'n, Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977)). "When a district court acts on the defendant's motion to dismiss without holding an evidentiary hearing, the plaintiff need make only a prima facie showing of jurisdictional facts to withstand" the motion. *Id.* (citing *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995)); *see also Data Disc*, 557 F.2d at 1285 ("[I]t is necessary only for [the plaintiff] to demonstrate facts which support a finding of jurisdiction in order to avoid a motion to dismiss.").

"Unless directly contravened, [the plaintiff's] version of the facts is taken as true, and 'conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists.'" *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003) (citing *Doe*, 248 F.3d at 922); *see also Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000). However, a court "may not assume the truth of allegations in a pleading which are contradicted by affidavit."
///

*Alexander v. Circus Enters., Inc.*, 972 F.2d 261, 262 (9th Cir. 1992) (citations and internal quotation marks omitted).

California's long-arm jurisdictional statute permits the exercise of personal jurisdiction so long as it comports with federal due process. *See* Cal. Civ. Proc. Code § 410.10; *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004). "For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger*, 374 F.3d at 801 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted)). Under the minimum contacts test, jurisdiction can be either "general" or "specific." *Doe*, 248 F.3d at 923. If a defendant has sufficient minimum contacts for the court to exercise personal jurisdiction over him, the exercise of such jurisdiction must also be reasonable. *Asahi Metal Indus. Co. v. Super. Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 113 (1987).

## ANALYSIS

Defendant argues that the Court cannot exercise specific or general jurisdiction over it. Mot. at 3–7. Because personal jurisdiction is dispositive here, the Court only addresses this specific issue.[2]

### I. Specific Jurisdiction

"Because California's long-arm statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger*, 374 F.3d at 800–01 (citing *Panavision Int'l, L.P. v. Toeppen*, 141

///

///

---

[2] Alternatively, Defendant contends that Plaintiffs' First Amended Complaint should be dismissed (1) because it is time-barred by A.R.S. § 12-524(3); (2) under the doctrine of *forum non conveniens*; (3) under the doctrine of judicial estoppel; or (4) regarding Plaintiffs' fourth cause of action, because Defendant is not a governmental entity. Mot. at 10, 14, 16.

F.3d 1316, 1320 (9th Cir. 1998)). To determine whether specific jurisdiction exists, the Ninth Circuit has developed a three-prong test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself to the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Id.* at 802 (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). Plaintiffs bear the burden of satisfying the first two prongs of the test. *Id.* (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)).

Defendant seemingly does not dispute it has purposefully directed its activities towards California. *See* Mot. at 3–4.[3] As Plaintiffs point out, "[Defendant] owns and operates physical assets and power plants in California," and uses this infrastructure to promote its business activities in Arizona. Opp'n at 7. Given that Defendant does not contend otherwise, the Court finds the first prong of the test satisfied. *See Schwarzenegger*, 373 F.3d at 803 ("A showing that a defendant purposefully directed his conduct towards a forum state . . . usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum." (citing *Keaton v. Hustler Magazine, Inc.*, 465 U.S.

///

---

[3] As the Ninth Circuit has made clear, purposeful availment and purposeful direction represent "two distinct concepts." *Schwarzenegger*, 373 F.3d at 802. A purposeful availment analysis is used for suits sounding in contract, while a purposeful direction analysis is used for suits sounding in tort. *Id.* (citations omitted). "At bottom, [however,] both purposeful availment and purposeful direction ask whether defendants have voluntarily received some benefit from their interstate activities such that they 'will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts.'" *Global Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1107 (9th Cir. 2020) (quoting *Burger King Corp v. Rudzewicz*, 471 U.S. 462, 474–75 (1985)).

770, 774–75 (1984))). Likewise, Defendant does not appear to argue it would be unreasonable to subject it to jurisdiction in California. *See* Mot. at 3–4.[4]

Rather, the Parties' main point of contention focuses on whether Plaintiffs' claims arise out of or relate to Defendant's California-related conduct. Defendant argues that the events giving rise to this dispute occurred entirely within Arizona, so specific jurisdiction cannot exist. Mot. at 4. Plaintiffs, on the other hand, contend that although Defendant sprayed the herbicide in Arizona, the chemicals later contaminated water from California that D'Arrigo Bros. uses for irrigating crops. Opp'n at 7. Plaintiffs further argue that "[Defendant] provides California water to agricultural industries . . . , and [Defendant] could not do so but for its taking of California water." *Id.* (citations omitted). Thus, according to Plaintiffs, Defendant's conduct in California is "inexorably link[ed]" to the injury Plaintiffs suffered. *Id.*

The question, then, is whether Plaintiffs' claims "arise out of or relate to [Defendant's] contacts with the forum." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1026 (2021) (emphasis removed) (quoting *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cnty.*, 137 S. Ct. 1773, 1780 (2017)).[5] "The first half of the standard asks about causation, but the back half, after the 'or,' contemplates that some relationships

---

[4] Once a plaintiff satisfies the first two prongs of this test, the burden shifts to the defendant to demonstrate that exercising specific jurisdiction over it would be unreasonable. *See Schwarzenegger*, 373 F.3d at 802. To do so, the defendant must "present a compelling case." *Id.* (citing *Burger King*, 471 U.S. at 476–78). However, for the reasons provided *infra*, Plaintiffs cannot satisfy the second prong of this test.

[5] Courts within the Ninth Circuit have traditionally applied a "but for" test to determine whether a claim "arises out of or relates to" a defendant's contacts with a forum. *See, e.g.*, *Henderson v. United Student Aid Funds, Inc.*, No. 13-CV-1845 JLS (BLM), 2015 WL 12658485, at *4 (S.D. Cal. Apr. 8, 2015); *Notorious B.I.G. LLC v. Hutson*, No. 14-02415 SJO (JCx), 2014 WL 12589626, at *4 (C.D. Cal. July 3, 2014). However, the Supreme Court in *Ford* held that proof of causation is not required to determine whether specific jurisdiction exists. 141 S. Ct. at 1026. Some courts within the Ninth Circuit have interpreted this to mean that the traditional "but for" test is too narrow. *See James Lee Constr., Inc. v. Gov't Emps. Ins. Co.*, No CV 20-68-M-DWM, 2021 WL 1139876, at *2 (D. Mont. Mar. 25, 2021) ("[A]s the Supreme Court just made clear, such a 'causation-only approach' improperly narrows the inquiry."); *Clarke v. Dutton Harris & Co., PLLC*, No. 2:20-cv-00160-JAD-BNW, 2021 WL 1225881, at *4 (D. Nev. Mar. 31, 2021) ("[T]he Supreme Court appears to have recently done away with [the 'but for'] approach.").

will support jurisdiction without a causal showing." *Id.* Nevertheless, "the phrase 'relate to' incorporates real limits, as it must adequately protect defendants foreign to a forum." *Id.*

The Court finds that Plaintiffs' claims do not "arise out of" Defendant's contacts with California. Rather, they all arise out of one discrete event in Arizona—Defendant allegedly spraying herbicide in a ditch near Garvin Ranch, Arizona. *See generally* FAC. Additionally, as Defendant points out, Plaintiffs do not allege that Defendant's "California-based infrastructure played any role in this incident." Reply at 4.[6] These facts do not support personal jurisdiction. *See In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 742 (9th Cir. 2013) ("[A] lawsuit arises out of a defendant's contacts with the forum state if a *direct nexus* exists between those contacts and the cause of action." (emphasis added) (citations omitted)). Nor can it be said that Plaintiffs' claims "relate to" Defendant's contacts within California. Instead, all of Plaintiffs' claims relate to Defendant's activity in Arizona. *See generally* FAC. Again, specific jurisdiction cannot exist on this basis. *See Williams v. Praetorian Ins. Co.*, No. 3:20-cv-04766-WHO, 2021 WL 2383329, at *3 (N.D. Cal. June 10, 2021) ("The second prong . . . require[s] 'an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulations.'" (quoting *Ford*, 141 S. Ct. at 1025–26)).

In sum, the Court cannot exercise specific jurisdiction over Defendant because Plaintiffs' claims do not "arise out of or relate to" Defendant's California contacts. The Court therefore turns to analyze whether it can exercise general jurisdiction over Defendant.

///

---

[6] Defendant also contends that Plaintiffs' claims do not arise out of or relate to its California contacts because "[t]he Colorado River is not California water," but rather "a natural resource, controlled by the United States." Reply at 7 (emphasis omitted) (citing *Arizona v. California*, 547 U.S. 150, 153 (2006)). Because the Court finds Plaintiffs' specific jurisdiction arguments unpersuasive for other reasons, it declines to reach this argument.

## II. General Jurisdiction

"With respect to a corporation, the place of incorporation and principal place of business are paradig[m] . . . bases for general jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (citations omitted) (internal quotation marks omitted). A corporation being "engage[d] in a substantial, continuous, and systematic course of business" in a state does not necessarily subject it to general jurisdiction. *Id.* Rather, the question is whether a "corporation's affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State." *Id.* at 138–39 (quoting *Goodyear Dunlop Tires Operations v. Brown*, 564 U.S. 915, 919 (2011)). However, "in an exceptional case, . . . a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Id.* at 139 n.19.

Defendant points out that it is not incorporated in California, and that all its executive officers "who direct, control, and coordinate [its] activities are . . . located in Arizona." Mot. at 6.[7] Defendant further argues that its contacts with California are not so "substantial or unique" so as to subject it to general jurisdiction. Mot. at 7. Plaintiffs, meanwhile, contend that Defendant has "significant operations" in California, and that *Daimler AG* is distinguishable. Opp'n at 8–9. Plaintiffs further argue that subjecting Defendant to general jurisdiction in California "would not upset jurisprudence or open the floodgates of litigation." *Id.* at 9.

Plaintiffs' argument seems to conflate specific jurisdiction and general jurisdiction. For the general jurisdiction analysis, a corporation's "substantial, continuous, and systematic" presence in a forum does not necessarily subject it to general jurisdiction. *Daimler AG*, 571 U.S. at 138. The question is rather whether the corporation can be said to be "at home" in the forum. *See id.* at 137. Nevertheless, Plaintiffs appear to contend

---

[7] A corporation's principal place of business is the "place where [its] officers direct, control, and coordinate the corporation's activities." *Hertz Corp v. Friend*, 559 U.S. 77, 92–93 (2010).

that exceptional circumstances exist because Defendant "operate[s] significant physical assets" in California. Opp'n at 8. But the Supreme Court in *BNSF Ry. Co. v. Tyrell*, 137 S. Ct. 1549 (2017), rejected a similar argument, noting that although the defendant had "over 2,000 miles of railroad track and more than 2,000 employees" in the forum state, this did not suffice to subject it to general jurisdiction. *Id.* at 1559. In reaching this conclusion, the Supreme Court recognized that the general jurisdiction analysis "calls for an appraisal of a corporation's activities in their entirety." *Id.* (quoting *Daimler AG*, 571 U.S. at 139 n.20). Engaging in such an appraisal, the Supreme Court found the defendant was not "so heavily engaged in activity in [the forum state] 'as to render [it] essentially at home' in that State." *Id.* (quoting *Daimler AG*, 571 U.S. at 139). Here, Defendant points out that the "vast majority" of its operations occur in Arizona and all its customers are located in Arizona. Reply at 10. Additionally, Defendant does not regularly conduct any type of business in California. *See* Davis Decl. ¶ 4. Thus, like *Tyrell*, Defendant's operations in California cannot be said to "render [it] essentially at home in [California]." *Daimler AG*, 571 U.S. at 139 (quoting *Goodyear*, 564 U.S. at 919).

The Court also disagrees with Plaintiffs' contention that subjecting Defendant to general jurisdiction based on its contacts with California "would not upset jurisprudence or open the floodgates of litigation." Opp'n at 9. First, the Supreme Court has expressly held that continuous and systematic contacts with a forum do not alone subject a corporation to general jurisdiction. *See Daimler AG*, 571 U.S. at 138. To hold otherwise would fly in the face of Supreme Court precedent. Moreover, to hold that a corporation's operations within a forum automatically subject it to general jurisdiction would effectively eliminate the specific jurisdiction requirement that claims "arise out of or relate to" a corporation's contacts with a forum. *See Bristol-Myers Squibb*, 137 S. Ct. at 1781. Rather, a corporation would be subject to personal jurisdiction wherever it conducted business—regardless of whether the claims arose out of its contacts. *See generally Daimler AG*, 571 U.S. at 139 n.20 ("A corporation that operates in many places can scarcely be deemed at

///

home in all of them. Otherwise, 'at home' would be synonymous with 'doing business' tests framed before specific jurisdiction evolved in the United States.").

In sum, the Court finds that Defendant is not "at home" in California. Nor is this an "exceptional case." Defendant is thus not subject to general jurisdiction in California.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint (ECF No. 8) and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' First Amended Complaint. Plaintiffs may file an amended complaint <u>within thirty (30) days</u> of the date on which this Order is electronically docketed.

**IT IS SO ORDERED.**

Dated: August 16, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge