UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONWIDE AGRIBUSINESS INSURANCE COMPANY; and D'ARRIGO BROS. CO. OF CALIFORNIA,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>YUMA COUNTY WATER USERS ASSOCIATION; and DOES 1 through 10, Inclusive,<br><br>　　　　　　　　Defendants. | Case No.: 21-CV-78 JLS (AGS)<br><br>**ORDER (1) GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT; AND (2) DISMISSING PLAINTIFFS' SECOND AMENDED COMPLAINT WITH PREJUDICE**<br><br>(ECF No. 17) |

　　　Presently before the Court is Defendant Yuma County Water Users Association's Motion to Dismiss Plaintiffs' Second Amended Complaint ("Mot.," ECF No. 17). Plaintiffs Nationwide Agribusiness Insurance Company and D'Arrigo Bros. Co. of California did not file an opposition to the Motion. The Court took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 19. Having carefully reviewed Plaintiffs' Second Amended Complaint ("SAC," ECF No. 16), Defendant's arguments, and the law, the Court **GRANTS** the Motion and **DISMISSES WITH PREJUDICE** Plaintiffs' Second Amended Complaint.

///

The Ninth Circuit has held that, pursuant to a local rule, a district court may properly grant a motion to dismiss for failure to respond to a motion. *See generally Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond). Here, a local rule allows the Court to grant the Motion. Civil Local Rule 7.1(f)(3)(c) provides: "If an opposing party fails to file [an opposition] in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Unless the Court orders otherwise, pursuant to Civil Local Rule 7.1(e)(2), an opposition must be filed 14 days prior to the noticed hearing. The hearing for the present Motion was set for October 28, 2021, at 1:30 p.m.; thus, any opposition was due on October 14, 2021.

In determining whether to dismiss an action, the court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (first factor always weighs in favor of dismissal); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (fourth factor always weighs against dismissal). Therefore, the Court considers the substance of factors two, three, and five.

Here, the second factor weighs in favor of dismissal. The Court must manage its docket to ensure the efficient provision of justice. Plaintiffs had notice of the Motion yet failed to file a timely opposition. Plaintiffs have not provided any excuse for their failure to timely file an opposition to the present Motion. The Court cannot continue waiting for Plaintiffs to take action, and a case cannot move forward when a plaintiff fails to defend its case. Further, Plaintiffs are represented by an attorney and nonetheless have failed to comply with the rules of procedure. *See Holt v. I.R.S.*, 231 Fed. App'x. 557, 558 (9th Cir.

2007) (holding court did not abuse its discretion in dismissing action for failure to file an opposition and rejecting plaintiff's contention that the district court should have warned her of the consequences of failing to file an opposition).

As to the third factor, the Court finds no risk of prejudice to Defendant if it dismisses Defendant from this matter. In fact, Defendant has requested the dismissal. Thus, this factor also weighs in favor of dismissal. As to the fifth factor, where the plaintiff does not oppose dismissal, it is "unnecessary for the Court to consider less drastic alternatives." *Rodriguez v. Nationstar Mortg. LLC*, No. 2:16–CV–5962–ODW(SK), 2016 WL 4581402, at *1 (C.D. Cal. Sept. 1, 2016). Still, the Court did employ the less drastic alternative of giving notice to the Parties that no opposition had been filed. On October 21, 2021, the Court filed an Order vacating the hearing on the Motion and taking the matter under submission. *See* ECF No. 19. In that Order, the Court noted that no opposition had been filed. *See id.* Still, Plaintiffs filed no opposition. This factor therefore weighs in favor of dismissal as well.

The Court finds that the *Ghazali* factors weigh in favor of granting Defendant's unopposed Motion. The Court finds that dismissal with prejudice is appropriate in this instance. The Court previously found that it cannot exercise specific or general jurisdiction over Defendant. ECF No. 15 at 7, 10. In their Second Amended Complaint, Plaintiffs added allegations that Defendant "get[s] its water from California and owns and operates physical asserts and power plants in California and is registered to do business in California with the California Secretary of State"; "regularly contracts with California businesses"; and "sends several invoices regularly to D'ARRIGO, a California company." SAC ¶¶ 6–8.

In its order dismissing Plaintiffs' First Amended Complaint, the Court found, and Defendant did not dispute, that Defendant has purposefully directed its activities towards California. ECF No. 15 at 5–6. The issue instead was "whether Plaintiffs' claims arise out of or relate to Defendant's California-related conduct." *Id.* at 6. The Court found that "Plaintiffs' claims do not 'arise out of or relate to' Defendant's California contacts." *Id.* at

7. Plaintiffs' additional allegations in the Second Amended Complaint do not remedy these issues. The Court already found that the acts alleged in Plaintiffs' Second Amended Complaint occurred entirely within Arizona, and Plaintiffs' additional allegations do not affect this finding. Based on Plaintiffs' multiple amendments, it appears that there are no facts Plaintiffs could allege that would enable the Court to exercise personal jurisdiction over Defendant for these claims.

Therefore, based on Plaintiffs' failure to file an opposition, the Court's consideration of the *Ghazali* factors, and the Court's previous findings regarding personal jurisdiction over Defendant (ECF No. 15), the Court **GRANTS** Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint (ECF No. 17) and **DISMISSES WITH PREJUDICE** Plaintiffs' Second Amended Complaint. The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated: November 9, 2021

Hon. Janis L. Sammartino
United States District Judge